NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IVIN MOOD,

          Plaintiff-Appellant,

 v.

COUNTY OF ORANGE; DOES, 1-10,

          Defendants-Appellees,

 and

D. LOPES,

          Defendant.

No. 19-56009

D.C. No. 8:17-cv-00762-SVW-KK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted December 2, 2020[**]

Before:     WALLACE, CLIFTON, and BRESS, Circuit Judges.

    Ivin Mood appeals pro se from the district court's summary judgment in his

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

42 U.S.C. § 1983 action alleging a policy of using excessive force by Orange County sheriffs during intake of detainees into the Orange County Jail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1104 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment because Mood failed to raise a genuine dispute of material fact as to whether Orange County sheriffs had a policy or custom of excessive force by using rear-wrist lock control holds on compliant detainees during the intake process at the Orange County jail. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (municipal liability under § 1983 requires execution of policy or custom that inflicts plaintiff's constitutional injury); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**